1  Nasser Abujbarah (#026182)
   Sean C. Davis, Esq. (#030754)
2  Timothy G. Tonkin (#020709)
   **PHILLIPS LAW GROUP, P.C.**
3  3101 N. Central Avenue, Suite 1500
   Phoenix, Arizona 85012
4  Tel:  (602) 258-8900
   Fax: (602) 900-0116
5  E-Mail: uberp@phillipslaw.com
   E-mail: minute_entries@phillipslaw.com
6  *Attorneys for Plaintiffs*

7            **UNITED STATES DISTRICT COURT**

8                **DISTRICT OF ARIZONA**

9  BETHANY TRZASKOS, an individual;          Case No.: _____
   JESUS MEDINA, an individual;
10
11              Plaintiffs,                          **COMPLAINT**

12        vs.
                                                     **JURY DEMAND**
13  ANTELOPE HILLS INN PRESCOTT,
    LLC, a domestic limited liability company;
14
                Defendant.
15

16        Plaintiffs Bethany Trzaskos and Jesus Medina seek damages against their former

17  employer, Defendant Antelope Hills Inn Prescott, LLC, pursuant to the Fair Labor

18  Standards Act, 29 U.S.C. § 201, *et seq.*

19                      **NATURE OF THE CASE**

20
21        1.    The Fair Labor Standards Act is designed to eliminate "labor conditions

22  detrimental to the maintenance of the minimum standard of living necessary for health,

23  efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals,

24  the FLSA sets minimum wage and overtime pay requirements for covered employers. *See*

25

---

Complaint and Demand for Jury Trial                                          Page 1

1  29 U.S.C. §§ 206(a), 207(a).

2      2.    Employers must compensate employees for all work that employers permit
3  employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of
4  employers' management to ensure that work is not performed if management does not
5  desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept
6  the benefits of employees performing work without compensating the employees for their
7  work. *Id.*
8
9      3.    Plaintiff brings this action against Defendant for unlawful failure to pay
10 overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*
11 *seq.* ("FLSA").

12     4.    From the day Plaintiffs started working for Defendant, Defendant had a
13 consistent policy and practice of requiring Plaintiffs to work well in excess of forty (40)
14 hours per week without paying them one-and-a-half times (1.5x) their regular rate of pay
15 for hours worked over forty (40) hours per week.

16     5.    From the day Plaintiffs started working for Defendant, Plaintiffs worked
17 significant hours in excess of forty (40) hours per week and were not paid at a rate of
18 one-and-a-half times (1.5x) their regular rates of pay for each hour worked in excess of
19 forty hours.
20
21     6.    Plaintiff seeks to recover unpaid overtime compensation and an equal amount
22 of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and
23 costs pursuant to 29 U.S.C. § 216(b), and her unpaid minimum wages plus statutory

24

25

---

Complaint and Demand for Jury Trial                                         Page 2

damages in an amount equal to twice her underpaid wages, with costs and attorneys' fees

pursuant to A.R.S. §23-364(G).

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter and the parties hereto

pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

8.    Venue is proper under 28 U.S.C. § 1391(b)(1)–(2) because Defendant is

deemed to be a resident of the State in which this judicial districted is located and

because a substantial part of the events or omissions giving rise to Plaintiffs' claims

occurred within the boundaries of this judicial district.

## PARTIES

9.    At all times material hereto, Plaintiffs was a resident of Yavapai County,

Arizona.

10.    Defendant Antelope Hills Inn Prescott, LLC, a domestic limited liability

company is located in Yavapai County, Arizona, and is subject to the jurisdiction of this

Court.

11.    At all relevant times, Plaintiffs were employees.

12.    At all relevant times, Defendant was an employer.

13.    At all times material to this action, Defendant was and continues to be an

enterprise engaged in commerce or in the production of goods for commerce.

## GENERAL FACTUAL ALLEGATIONS

14.    Defendant hired Plaintiffs on or about July 18, 2019.

15.   Plaintiffs were supposed to be paid a combined salary of $45,000 per year with an annual $5,000 bonus.

16.   Plaintiffs' salaries also took into consideration rent in the amount of $1,600.00 per month for a single studio residence at the hotel.

17.   Rent in the amount of $1,600.00 was greater than rent for Defendants' most expensive loft residence at the hotel.

18.   At the time they were hired, Plaintiffs were told by Defendant that they would have every Thursday off from 7:00 A.M. to 10:00 P.M.

19.   Plaintiffs' duties included, but were not limited to: checking guests in and out of the hotel; daily maid reports; daily "end-of-day" sales reports; cash logs; responding to e-mails and reviews; customer service such as remaking room keys and providing additional towels, pillows, blankets and hygiene products; assisting with televisions in guest rooms; regular maintenance of showerheads, sinks, TVs, pest control and extermination, and parking lot and property maintenance.

20.   By November 2019, Plaintiffs duties expanded to include landscaping the hotel property.

21.   Plaintiffs would, on occasions, pay out of pocket for additional help with the landscaping duties at the hotel.

22.   Plaintiff Trzaskos left Defendant's employment in March 2021.

23.   Plaintiff Medina continued to work for Defendant until August 2021.

24.   Defendant never paid Plaintiff one and one-half times their regular rates of pay for hours worked in excess of forty hours per week.

25.   Plaintiffs were non-exempt employees.

26.   Plaintiff were not managers.

27.   Plaintiffs did not exercise discretion and independent judgment with respect to matters of significance.

28.   From the time Plaintiffs began working for Defendant, Plaintiffs worked over 100 hours per week.

29.   Plaintiff has retained the law firm of Phillips Law Group, P.C., to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on their behalf.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

30.   Plaintiffs incorporate and adopt all paragraphs above as if fully set forth herein.

31.   While employed by Defendant, Plaintiffs regularly worked multiple hours of overtime per week.

32.   Plaintiffs were non-exempt employees.

33.   Defendant has intentionally failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

34.   As the direct and proximate result of Defendant's violations of the FLSA, Plaintiffs and all similarly situated employees have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

35.   Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times their regular pay rates for each hour of overtime worked per week.

36.   In addition to the amount of unpaid wages owed to Plaintiffs are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

37.   On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

38.   Defendant has not made a good faith effort to comply with the FLSA.

39.   Plaintiff has been required to bring this action to recover their federal minimum wages remaining due and unpaid, and their statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and a claim for attorneys' fees.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor against Defendant:

    a.   Awarding Plaintiff compensation in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiffs' regular rates of pay while at work for Defendant, in an amount proved at trial;

    b.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.  Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request that, upon trial of this action, all issues be submitted to and determined by a jury.

DATED this 20th day of April, 2022.

**PHILLIPS LAW GROUP, P.C.**

By *Sean Davis*
   Sean C. Davis, Esq.
   Nasser Abujbarah, Esq.
   Timothy G. Tonkin, Esq.
   *Attorneys for Plaintiffs*